# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

```
***************************************************
                                          *  CIVIL ACTION NO.
New York Community Bank                   *
                                          *
                                          *
       Plaintiff                          *
                                          *
                                          *
       vs.                                *  RE: 6 Birch Glade
                                          *      Standish, ME 04084
                                          *      Book 28398, Page 248
                                          *
Patrick W. Lynch                          *
                                          *
       Defendant                          *
                                          *
***************************************************
```

## COMPLAINT

NOW COMES the Plaintiff, New York Community Bank, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby makes this unique complaint against the Defendant, Patrick W. Lynch, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651 any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking

       such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by New York Community Bank in which the total amount owed under the terms of the promissory note is in excess of One Hundred Forty Thousand Dollars ($140,000.00) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, New York Community Bank is a corporation organized under the laws of the State of New York, with its principal place of business located at 1801 E. Ninth Street, Cleveland, OH 44114.

5. The Defendant, Patrick W. Lynch, who, upon information and belief, resides at 246 Highland Avenue, South Portland, ME 04106.

## FACTS

6. On December 16, 2010, by virtue of a Quitclaim Deed with Covenant from Robert P. Lynch, Jr., and recorded in the Cumberland County Registry of Deeds in **Book 28398, Page 246**, the property situated at 6

Birch Glade, Standish, ME 04084 was conveyed to Patrick W. Lynch ("Lynch Property").

7. On December 20, 2010, Patrick W. Lynch, executed and delivered, under seal, to AmTrust Bank, a division of New York Community Bank a certain so called "E-Note" in the amount of One Hundred Forty Thousand Dollars ($140,000.00) dollars ("Lynch Note"). A true and correct copy of the Lynch Note is attached hereto as Exhibit A.

8. To secure the loan obligation, on December 20, 2010, Patrick W. Lynch executed a mortgage deed securing the Lynch Property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank, a division of New York Community Bank, which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 28398, Page 248** ("Lynch Mortgage"). A true and correct copy of the Lynch Mortgage is attached hereto as Exhibit B.

9. Having failed to make the April 1, 2014, payment and all subsequent payments due under the terms of the Lynch Note, the Defendant, Patrick W. Lynch is presently in default under the terms set forth therein.

10. The Lynch Mortgage was assigned by Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank, a division of New York Community Bank to NYCB Mortgage Company, LLC by virtue of an Assignment of Mortgage dated April 25, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31468, Page 112**. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit C.

11. The Lynch Mortgage was then further assigned to NYCB Mortgage Company LLC by virtue of a Quitclaim Assignment dated April 7, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32208, Page 264.** A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit D.

12. The Lynch Mortgage was then further assigned to New York Community Bank by virtue of an Assignment of Mortgage dated August 3, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32495, Page 248.** A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit E.

13. On September 22, 2015, Patrick W. Lynch, was sent a Notice of Mortgagor's Right to Cure. Notice was received at 246 Highland Avenue, South Portland, ME 04106, on September 25, 2015. Notice sent to 6 Birch Glade, Standish, ME 04084, was returned "Unclaimed" on or about October 15, 2015. A true and correct copy of the Notice of Mortgagor's Right to Cure is attached hereto as Exhibit F.

14. The Notice of Mortgagor's Right to Cure informed Patrick W. Lynch of the payment due date; the total amount necessary to cure the default and the deadline by which the default must be cured not more than thirty-five (35) days from the receipt Notice. *See* Exhibit F.

15. Patrick W. Lynch failed to cure the default prior to the expiration of the Notice of Mortgagor's Right to Cure.

16. New York Community Bank is the present holder and servicer of the Lynch Note pursuant to possession of the Lynch Note in conformity with 11 M.R.S. § 3-1201, *et seq.*, 10 M.R.S. § 9401 et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. Federal National Mortgage Association is the owner and investor of the Note, which is the subject of this litigation.

18. New York Community Bank is the lawful holder of the Note and owner of the subject Mortgage.

19. The total debt owed under the Note and Mortgage as of December 23, 2015, if no payments are made, is One Hundred Fifty Thousand Ninety Six Dollars and Fifty Three Cents ($150,096.53) which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Sixty Nine Dollars and Thirty Two Cents ($131,269.32); Escrow Advance of Five Thousand Five Hundred Eighty One Dollars and Sixty Nine Cents ($5,581.69); Interest in the amount of Ten Thousand Three Hundred Ninety Six Dollars and Fifty Four Cents ($10,396.54); Accumulated Late Charges in the amount of Eight Hundred Three Dollars and Eighty Five Cents ($803.85); Fees Currently Assessed in the amount of Two Thousand Twenty Four Dollars and Sixty Three Cents ($2,024.63); Pending Property Inspections in the amount of Twenty Dollars and Fifty Cents ($20.50); plus foreclosure fees and costs which continue to accrue daily.

COUNT I – FORECLOSURE

20. New York Community Bank repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure and sale respecting real estate located at 6 Birch Glade, Standish, in the County of Cumberland and State of Maine. (A legal description of the subject property is attached hereto as Exhibit G.)

22. The Plaintiff is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark,* 147 A. 205, 128 Me. 280 (1929). (See also Exhibit H attached hereto.) As such Plaintiff has the right to foreclose upon the subject property.

23. Federal National Mortgage Association is the current owner and investor of the Lynch mortgage and Lynch note.

24. Patrick W. Lynch is presently in default on said mortgage and promissory note, having failed to make the monthly payment due April 1, 2014, all subsequent payments, and, therefore, has breached the condition of the aforesaid mortgage and promissory note.

25. As of December 23, 2015 the amount due is One Hundred Fifty Thousand Ninety Six Dollars and Fifty Three Cents ($150,096.53) which includes unpaid principal in the amount of One Hundred Thirty One

        Thousand Two Hundred Sixty Nine Dollars and Thirty Two Cents ($131,269.32); Escrow Advance of Five Thousand Five Hundred Eighty One Dollars and Sixty Nine Cents ($5,581.69); Interest in the amount of Ten Thousand Three Hundred Ninety Six Dollars and Fifty Four Cents ($10,396.54); Accumulated Late Charges in the amount of Eight Hundred Three Dollars and Eighty Five Cents ($803.85); Fees Currently Assessed in the amount of Two Thousand Twenty Four Dollars and Sixty Three Cents ($2,024.63); Pending Property Inspections in the amount of Twenty Dollars and Fifty Cents ($20.50); plus foreclosure fees and costs which continue to accrue daily.

26. The record, established through the Cumberland County Registry of Deeds, indicates that there are no public utility easements recorded subsequent to the mortgage and prior to the commencement of these proceedings affecting the mortgage premises at issue herein.

27. By virtue of Patrick W. Lynch's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to Patrick W. Lynch on September 22, 2015 and received at 246 Highland Avenue, South Portland, ME 04106 on September 25, 2015. Notice sent to 6 Birch Glade, Standish, ME 04084 was returned "Unclaimed" on or about October 15, 2015. A true and correct copy of the Notice and delivery results are attached hereto as Exhibit F.

29. Patrick W. Lynch is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

30. New York Community Bank repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. On December 20, 2010, Patrick W. Lynch, executed and delivered, under seal, the Lynch Note in favor of AmTrust Bank, a division of New York Community Bank, a certain Promissory Note in the amount of One Hundred Forty Thousand Dollars ($140,000.00).  *See* Exhibit A.

32. Patrick W. Lynch is in default under the terms of the Lynch Note for failure to properly tender the April 1, 2014, payment and all subsequent payments.  *See* Exhibit F.

33. New York Community Bank is the proper holder of the Lynch Note, and is entitled to enforce the terms and conditions of the Lynch Note due to its breach by the Defendant, Patrick W. Lynch.

34. The Defendant, Patrick W. Lynch, having failed to comply with the terms of the Lynch Note, is in breach of the Lynch note.

35. Patrick W. Lynch's breach is knowing, willful and continuing.

36. Patrick W. Lynch's breach has caused New York Community Bank to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of December 23, 2015 is One Hundred Fifty Thousand Ninety Six Dollars and Fifty Three Cents ($150,096.53) which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Sixty Nine Dollars

        and Thirty Two Cents ($131,269.32); Escrow Advance of Five Thousand Five Hundred Eighty One Dollars and Sixty Nine Cents ($5,581.69); Interest in the amount of Ten Thousand Three Hundred Ninety Six Dollars and Fifty Four Cents ($10,396.54); Accumulated Late Charges in the amount of Eight Hundred Three Dollars and Eighty Five Cents ($803.85); Fees Currently Assessed in the amount of Two Thousand Twenty Four Dollars and Sixty Three Cents ($2,024.63); Pending Property Inspections in the amount of Twenty Dollars and Fifty Cents ($20.50); plus foreclosure fees and costs which continue to accrue daily.

38. Injustice can only be avoided by awarding damages for the total amount owed under the Lynch Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. New York Community Bank repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Lynch Note, Patrick W. Lynch entered into a written contract with AmTrust Bank, a division of New York Community Bank who agreed to loan the amount of One Hundred Forty Thousand Dollars ($140,000.00) to Patrick W. Lynch. *See* Exhibit G.

41. This transaction resulted in the payment for the Defendant's benefit of $127,177.55 to Freedom Mortgage, closing costs and payment of $8,775.61 to the Defendant. See Exhibit J.

42. As part of this contract and transaction, Patrick W. Lynch executed the Mortgage to secure the Note and the subject property.

43. New York Community Bank is the proper holder of the Lynch Note and successor in interest to AmTrust Bank, a division of New York Community Bank and has performed its obligations under the Lynch Note and Mortgage.

44. Patrick W. Lynch' breached the terms of the Note by failing to properly tender the April 1, 2014 payment and all subsequent payments. *See* Exhibit F.

45. New York Community Bank is the proper holder of the Note, is entitled to enforce the terms and conditions of the Note due to its breach by Patrick W. Lynch.

46. Patrick W. Lynch, having failed to comply with the terms of the Lynch Note, is in breach of contract.

47. Patrick W. Lynch is indebted to New York Community Bank in the sum of One Hundred Fifty Thousand Ninety Six Dollars and Fifty Three Cents ($150,096.53) for monies lent by Plaintiff to Patrick W. Lynch.

48. Patrick W. Lynch's breach is knowing, willful and continuing.

49. Patrick W. Lynch's breach has caused New York Community Bank to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of December 23, 2015 is One Hundred Fifty Thousand Ninety Six Dollars and Fifty Three Cents ($150,096.53) which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Sixty Nine Dollars and Thirty Two Cents ($131,269.32); Escrow Advance of Five Thousand Five Hundred Eighty One Dollars and Sixty Nine Cents ($5,581.69); Interest in the amount of Ten Thousand Three Hundred Ninety Six Dollars and Fifty Four Cents ($10,396.54); Accumulated Late Charges in the amount of Eight Hundred Three Dollars and Eighty Five Cents ($803.85); Fees Currently Assessed in the amount of Two Thousand Twenty Four Dollars and Sixty Three Cents ($2,024.63); Pending Property Inspections in the amount of Twenty Dollars and Fifty Cents ($20.50); plus foreclosure fees and costs which continue to accrue daily.

51. Injustice can only be avoided by awarding damages for the total amount owed under the Lynch Note and money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. New York Community Bank repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53. AmTrust Bank, a division of New York Community Bank, predecessor-in-interest to New York Community Bank, loaned Patrick W. Lynch One Hundred Forty Thousand Dollars ($140,000.00).  *See* Exhibits attached hereto.

54. Patrick W. Lynch is in default under the terms of the Lynch loan for failure to properly tender the April 1, 2014 payment.  *See* Exhibit F.

55. As a result of the Defendant's failure to perform under the terms of the Lynch loan, the Defendant has been unjustly enriched at the expense of New York Community Bank.

56. As such, New York Community Bank is entitled to relief under the doctrine of *quantum meruit*.

### COUNT V – UNJUST ENRICHMENT

57. New York Community Bank repeats and realleges paragraphs 1 through 56 as if fully set forth herein.

58. AmTrust Bank, a division of New York Community Bank, predecessor-in-interest to New York Community Bank, lent Patrick W. Lynch One Hundred Forty Thousand Dollars ($140,000.00) in exchange for a secured interest in the Lynch Property.  *See* Exhibit A and B.

59. Patrick W. Lynch received the benefit of the bargain in the form of settlement of prior debt in the amount of One Hundred Twenty Seven Thousand One Hundred Seventy Seven Dollars and Fifty Five Cents ($127,177.55), owed by Lynch as well as a cash disbursement in the amount of Eight Thousand Seven Hundred Seventy Five Dollars and Sixty One Cents ($8,775.61). *See* Exhibit J.

60. Patrick W. Lynch has failed to repay the loan obligation pursuant to its terms.

61. As a result, Patrick W. Lynch has been unjustly enriched to the detriment of New York Community Bank as successor-in-interest to AmTrust Bank, a division of New York Community Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, New York Community Bank is entitled to relief.

## COUNT VI – WRIT OF ASSISTANCE

63   New York Community Bank repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64. Pursuant to the All Writs Act, 28 U.S.C. § 1651, New York Community Bank seeks the issuance of a Writ of Assistance, to enforce the foregoing money judgment, and authorizing the United States Marshal Service or other law enforcement agent, including a constable specially appointed by this Court, to take any and all necessary steps to execute the foregoing

judgment including a sale of the Property originally pledged as collateral for the Lynch Note.

65. Federal law empowers this Court to issue a writ in furtherance of its Order granting judgment in favor of New York Community Bank:

> The Supreme Court and all courts by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a); s*ee United States v. New York Telephone Co.*, 434 U.S. 159, 172-73 (1977); *United States v. Friedman*, 143 F.3d 18, 22 (1st Cir. 1998) (authority for district court to issue an order needed to enforce a prior order is found in the All Writs Act); *Maldonado v. AMS Servicing LLC*, 11-cv-40044-TSH (D.Mass. Dec. 14, 2012) (granting application for Writ of Assistance in favor of foreclosing owner's servicing agent); *see also Foregger v. Residential Credit Solutions, Inc.*, 2013 WL 3208596 (D.Mass. June 21, 2013); *Sheehy v. Consumer Solutions 3, LLC*, 2013 WL 5295689 (D.Mass. Sept. 17, 2013).

66. The Supreme Court has held:

> This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained: "This statute has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve "the rational ends of law." ' " *Harris v. Nelson,* 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969), quoting *Price v. Johnston,* 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948).

*New York Times*, 434 U.S. at 172.

67. Accordingly, New York Community Bank requests that this Court order the Defendant and those residing under them to vacate the Property and remove all personal belongings and direct the Clerk of Court to issue a Writ of Possession in favor New York Community Bank.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, New York Community Bank, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b).  Grant possession to the Plaintiff upon the expiration of the period of redemption;

c).  Find that the Defendant is in breach of the Lynch Note by failing to make payment due as of April 1, 2014, and all subsequent payments;

d).  Find that the Defendant is in breach of the Lynch Mortgage by failing to make payment due as of April 1, 2014 and all other subsequent payments;

e).  Find that Patrick W. Lynch entered into a contract for a sum certain in exchange for a security interest in the Lynch property;

f).  Find that Patrick W. Lynch is in breach of contract by failing to comply with the terms and conditions of the Lynch Note and Mortgage by failing to make the payment due as of April 1, 2014, and all subsequent payments;

g).  Find that Plaintiff is entitled to enforce the terms and conditions of the Lynch Note and Mortgage;

h).  Find that by virtue of the Lynch Loan, the Defendant has been unjustly enriched at Plaintiff's expense;

i).  Find that such unjust enrichment entitles Plaintiff to restitution;

j).  Find that the Defendant has appreciated and retained the benefit of the Lynch Loan;

k). Find that it would be inequitable for the Defendant to continue to appreciate and .retain the benefit of the Lynch Loan without recompensing the appropriate value;

l). Find that Plaintiff is entitled to restitution for this benefit from the Defendant;

m). Determine the amount due on said loan mortgage and promissory note, including principal, interest, reasonable attorney's fees and court costs;

n). Additionally, issue a money judgment against the Defendant and in favor of New York Community Bank in the amount of $150,096.53 as of December 23, 2015, the total debt owed under the Lynch Note and the other various causes of action plus interest and costs including attorney's fees and costs;

o). Find that New York Community Bank is entitled to a Writ of Assistance and Writ of Possession allowing the U.S. Marshal or Constable appointed by this Court to sell the Property originally pledged as collateral for the Lynch Note and to remove the Defendant and those residing under them and their personal property from the Property located at 6 Birch Glade; and

p).     For such other and further relief as the Court deems just and equitable.

          Respectfully Submitted,
          New York Community Bank
          By its attorneys,

Dated: January 21, 2016      /s/ John A. Doonan
          John Doonan, Esq. (BBO# 3250)
          Jenai J. Cormier, Esq. (BBO # 4682)
          Doonan, Graves & Longoria, LLC
          100 Cummings Center Suite 225D
          Beverly, MA 01915
          Tel. (978) 921-2670